## Fawcett *versus* Fawcett et al.

1. Where the language of the charge as to the true character of the testimony tends to mislead the jury, it is error and a ground for reversal.
2. What evidence of a promise to pay within six years insufficient to take a case out of the Statute of Limitations.

October 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1880, No. 143.

Case by W. J. Fawcett against George Fawcett and George O. Fawcett, heretofore doing business as Fawcett & Co.

The action was commenced March 9th 1877, and was to recover $1000 per year for services rendered by plaintiff to the firm of defendants from July 23d 1868 to March 9th 1871.

The plaintiff alleged that in July 1868, he was employed by the firm of Fawcett & Co. as bookkeeper; that his father, George Fawcett, one of the firm, first employed him, and that after he had commenced work, the other partner, George O. Fawcett, recognised his employment. The firm dissolved on March 9th 1871, George Fawcett, the father of the plaintiff, selling out to George O. Fawcett, and the latter agreeing to pay the debts of the firm, which was then in debt to various firms to the amount of several thousand dollars. George Fawcett, the father, alleged the firm employed the plaintiff, while George O. Fawcett, the purchasing party, claimed that the plaintiff was present at the place of business merely representing his father, and not in the employ of the firm; that the father was unable to attend to business, and wanted to give his son an insight into the same, and eventually let him take his place and interest. It was admitted by the plaintiff that the Statute of Limitations which the defendant pleaded barred the action as to all services rendered prior to March 8th 1871, unless there was a promise by the defendant within six years, which took the case out of the rule. The plaintiff

to prove this promise, introduced the testimony of George O. Fawcett, the material portions of which will be found in the opinion of this court.

Verdict for plaintiff for $2034.33. After judgment thereon, defendant took this writ and alleged that the court erred, inter alia, in the portions of the charge, which will be found stated in the opinion of this court.

*D. T. Watson*, for plaintiff in error.—The acknowledgment of a debt to toll the statute must be so distinct and palpable in its extent and form as to preclude hesitation: Emerson *v.* Miller, 3 Casey 278; Weaver *v.* Weaver, 4 P. F. Smith 153. The promise, when made, must be to the plaintiff or his authorized agent: Gillingham *v.* Gillingham, 5 Harris 302; Kyle *v.* Wells, 5 Id. 286. The acknowledgment must be to the plaintiff or his agent, known by the promising party as the creditor's agent at the time the promise is made: McKinney *v.* Snyder, 28 P. F. Smith 78; Farmers' Bank *v.* Wilson, 10 Watts 261.

The charge was misleading, and the judgment should be reversed therefor. The court submitted a question of fact of which there was no evidence.

*W. C. Moreland*, for defendant in error.—If the judge below has mistaken the evidence and misled the jury by his remarks upon it, it is not such an error as this court will correct: Dennis et al. *v.* Alexander, 3 Barr 50; Graham *v.* Graham, 1 S. & R. 330; Poorman *v.* Smith's Executors, 2 Id. 464; Henwood *v.* Cheeseman, 3 Id. 500. The court will not reverse for an erroneous expression of the court's opinion on a fact, unless it clearly appears that the jury were thereby precluded from deciding for themselves: Riddle *v.* Murphy, 7 S. & R. 230.

Mr. Justice GREEN delivered the opinion of the court, November 8th 1880.

The jury have found, and we think upon sufficient testimony, that the plaintiff did perform service for the defendant firm, and that such service was reasonably worth the amount claimed. But the plaintiff, unfortunately for himself, delayed bringing his action until six years had expired from the time his service was rendered. The plea of the Statute of Limitations having been interposed, the plaintiff replied to it, by an allegation of a promise by George O. Fawcett, one of the defendants, to pay the claim, made within six years before suit brought. The writ was issued on March 9th 1877, the claim of the plaintiff was for services rendered from July 23d 1868 to March 9th 1871, and the promise to pay is alleged to have been made in certain conversations which took place on the 9th, 16th and 23d of March 1871. It may be conceded that the

[*Fawcett v. Fawcett.*]

plaintiff was present at each of these meetings, though he does not so testify himself. The important question is as to what took place at those meetings. The learned judge of the court below in his charge to the jury said: "To prove this (the promise within six years) the plaintiff himself testifies, and calls his father who corroborates him, that at the time his father sold out his interest in defendant firm to his partner, the cousin, the latter promised to pay the plaintiff his claim—the amount of his salary." And again, "On the question of the promise to pay, there could not be any thing more positive than the testimony of these witnesses. You have the father of the plaintiff swearing to a positive promise by the partner to pay the claim of the plaintiff; swearing that he, the father, would not sell out his interest, would not put his name to the deed of sale, would not let his wife sign, until his partner would agree that the firm should pay it."

The case was fairly left to the jury on the credibility of the witnesses, and if testimony was actually delivered, as was stated by the learned judge, there was no error, and the judgment must necessarily have been affirmed. But it is claimed, and is assigned for error, that the learned judge misled the jury by misquoting, and improperly commenting upon the testimony, and that in point of fact neither the plaintiff nor his father testified to any positive promise by the defendant, George O. Fawcett, to pay the plaintiff's claim. We have carefully read the testimony of both these witnesses, and are clearly of opinion that the assignments of error on this subject are sustained, and for that reason the judgment must be reversed. So far as the testimony of the plaintiff is concerned there is absolutely no part of it which will warrant the assertion that he testified to a promise. The only portion of his testimony relied upon in support of the assertion is the following: Being asked to state the conversation of March 9th in regard to the payment of this money he said: "On the 9th of March was the day of the dissolution. At the time the matter was talked over in regard to a sale father had offered his interest to Mr. George O. Fawcett. At that time I notified them both—told them that I had been there now over two years, and I would have compensation for my time for my services. There was no objection made, whatever. Finally, after two attempts an agreement was made between the parties. Mr. G. O. Fawcett purchasing." Objected to.

Q. State what agreement was made about your services then and there?

A. I said to them, before entering into any agreement, I would demand compensation for my services. That was all there was said there, at that time, until the signing of it.

Q. What was said by him when you demanded the payment or compensation?

[Fawcett v. Fawcett.]

A. There was no objection, nor any objections made by either party.

This is the whole testimony of this witness as to a promise. It is too plain for argument that it is no evidence whatever of a promise to pay. He merely states that he notified the defendants of his demand, and that no objection was made. Instead of this being proof that a positive promise was made to pay the claim, it is affirmative proof that such a promise was not made. The testimony of George Fawcett and E. P. Jones as to what was said at the subsequent conversations by W. J. Fawcett, or in his presence, does not in any manner support the allegation as to what testimony was delivered by W. J. Fawcett. The question is, what was *his* testimony. In our judgment he nowhere testifies to a promise by George O. Fawcett, and, therefore, the learned judge was in error in stating that he did so testify in his charge to the jury. This disposes of the third assignment of error and so much of the fourth as relates to the testimony of the plaintiff. We consider that the remark of the learned judge in relation to the testimony of the plaintiff's father was also an erroneous estimate of what he actually said, and was calculated to mislead the jury. It is true he testified that he refused to convey his interest in the property of the firm to George O. Fawcett unless his son's wages were provided for, and he added, "Mr. Jones suggested that there be a bond of indemnity made, and Mr. G. O. Fawcett agreed that he would pay these wages *by giving the bond.*" He subsequently said that the bond was given for the purpose of making sure that the wages of the plaintiff would be paid. He also says that the defendant, G. O. Fawcett, *agreed* that the wages should be paid, and that he would give a bond. He nowhere says that G. O. Fawcett directly promised in words that he, personally, would pay the plaintiff's claim. When he says that the latter *agreed*, he expresses his own conclusion as to the effect of all that took place, but the only especial and particular mode of payment he describes is by giving a bond. Upon inspection of the bond it turns out to be a general bond of indemnity against the debts of the firm, but the claim of the plaintiff is in no manner mentioned or referred to in the bond as a debt of the firm, nor is it alluded to at all. Hence, so far as that instrument is concerned, it would still remain to be proved that, at the time it was given the plaintiff's claim was a debt of the firm, and the promise of G. O. Fawcett would, in strictness, be only a promise to pay the plaintiff's claim if it was a debt of the firm. The witness also admitted that the firm did have debts to the amount of possibly $15,000, and, further, that this very claim of the plaintiff was a subject of dispute between them, G. O. Fawcett denying any liability of the firm on that account. To say, in such circumstances and of such testimony, that " on the question of the promise to pay, there could not be anything more positive than the

[Fawcett *v.* Fawcett.]

testimony of these witnesses," was, we think, going beyond the just limit of judicial remark. There would certainly be a tendency to mislead the jury, in such language, as to the true character of the testimony, and this, as we have heretofore held, is error and a cause of reversal.

Judgment reversed, and a *venire facias de novo* awarded.